UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABBA COHEN,<br>JASON CRYSTAL, and<br>MILES CONNORS,<br><br>                    Defendants. | **SEALED INDICTMENT**<br><br>S1 25 Cr. 444 |

## COUNT ONE
### (Conspiracy to Commit Money Laundering)

The Grand Jury charges:

### Overview

1.   ABBA COHEN and JASON CRYSTAL, the defendants, owned and controlled several companies, including in New York City's Diamond District. From at least in or around May 2022 through at least in or around September 2024, COHEN, CRYSTAL, and others known and unknown, laundered more than approximately $20 million in proceeds of fraud. Those proceeds originated from construction-related scams perpetrated throughout the United States by purported construction workers (the "Conmen"), including MILES CONNORS, the defendant.

2.   On numerous occasions, Conmen approached homeowners—and, in particular, elderly homeowners—claiming to be licensed and insured contractors. The Conmen falsely convinced the homeowners that their homes required extensive and costly repairs. Once homeowners agreed to hire the Conmen, the Conmen falsely convinced the homeowners that they needed to pay additional money to continue the repairs or that additional and more expensive repairs were needed. On some occasions, Conmen also convinced homeowners to provide the Conmen money purportedly to secure construction equipment, falsely promising that the money

would be returned to the homeowner soon thereafter. The Conmen directed victims to pay them by check or wire transfer to specified bank accounts belonging to, among other people, ABBA COHEN and JASON CRYSTAL, the defendants.

3. In reality, the Conmen were not licensed or insured, did not provide the work that they promised, charged homeowners far more than the value of the work performed, and did not in fact return the money that they promised to return. On multiple occasions, after homeowners refused to pay additional money demanded by the Conmen, the Conmen abandoned the construction projects, leaving homes in a state of disrepair. Some victims were defrauded of their entire life savings in this manner, including retirement accounts.

4. ABBA COHEN, the defendant, received Conmen fraud proceeds directly from victims, including by check and wire transfer, and laundered the proceeds on behalf of the Conmen into cash and other things of value, including luxury watches and wire transfers. In or around March 2024, after COHEN's bank accounts were closed due to fraud, COHEN recruited JASON CRYSTAL, the defendant, to launder victim money through CRYSTAL's bank accounts in exchange for a commission. Between in or around March 2024 and in or around September 2024, CRYSTAL received millions of dollars in fraud proceeds directly from victims into his bank accounts, including from multiple victims who had been directed by MILES CONNORS, the defendant, and other Conmen to send checks or wire transfers to CRYSTAL's bank accounts. CRYSTAL used those proceeds to, among other things, buy a luxury sports car for approximately $240,000.

5. On multiple occasions, after banks requested that ABBA COHEN and JASON CRYSTAL, the defendants, provide documentation regarding the source of victim payments, COHEN and CRYSTAL created, or caused others to create, fake invoices listing fictitious

2

materials or fictitious work purportedly provided to victims. COHEN and CRYSTAL submitted, or caused others to submit, those invoices to financial institutions, including in the Southern District of New York, knowing that the information on those invoices was false.

## Statutory Allegations

6. From at least in or around May 2022, through at least in or around September 2024, in the Southern District of New York and elsewhere, ABBA COHEN, JASON CRYSTAL, and MILES CONNORS, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

7. It was a part and an object of the conspiracy that ABBA COHEN, JASON CRYSTAL, and MILES CONNORS, the defendants, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

(Title 18, United States Code, Section 1956(h).)

## COUNT TWO
## (Money Laundering)

The Grand Jury further charges:

8. From at least in or around May 2022, through at least in or around September 2024, in the Southern District of New York and elsewhere, ABBA COHEN, the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## COUNT THREE
## (Money Laundering)

The Grand Jury further charges:

9. From at least in or around March 2024, through at least in or around September 2024, in the Southern District of New York and elsewhere, JASON CRYSTAL, the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and

which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## COUNT FOUR
### (Conspiracy to Commit Bank Fraud)

The Grand Jury further charges:

10. From at least in or around September 2023, through at least in or around September 2024, in the Southern District of New York and elsewhere, ABBA COHEN and JASON CRYSTAL, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

11. It was a part and an object of the conspiracy that ABBA COHEN and JASON CRYSTAL, the defendants, and others known and unknown, knowingly would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, COHEN and CRYSTAL agreed to make and cause to be made false statements to banks, and agreed to submit and cause to submit fake invoices to banks, in order to obtain funds held by those banks.

(Title 18, United States Code, Section 1349.)

## COUNT FIVE
**(Bank Fraud)**

The Grand Jury further charges:

12. From at least in or around September 2023, through at least in or around September 2024, in the Southern District of New York and elsewhere, ABBA COHEN, the defendant, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, COHEN made and caused to be made false statements to banks, and submitted and caused others to submit fake invoices to banks, in order to obtain funds held by those banks.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT SIX
**(Bank Fraud)**

The Grand Jury further charges:

13. From at least in or around March 2024, through at least in or around September 2024, in the Southern District of New York and elsewhere, JASON CRYSTAL, the defendant, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, COHEN made and caused to be made false statements to banks, and

submitted and caused others to submit fake invoices to banks, in order to obtain funds held by those banks.

(Title 18, United States Code, Sections 1344 and 2.)

## FORFEITURE ALLEGATION

14. As a result of committing the offenses alleged in Counts One, Two, and Three of this Indictment, ABBA COHEN, JASON CRYSTAL, and MILES CONNORS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and the following specific property: a 2023 Porsche 911 vehicle, vehicle identification number WP0CD2A96PS263618.

15. As a result of committing the offenses alleged in Counts Four, Five, and Six of this this Indictment, ABBA COHEN and JASON CRYSTAL, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property: a 2023 Porsche 911 vehicle, vehicle identification number WP0CD2A96PS263618.

### Substitute Assets Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
/FOREPERSON

_____
JAY CLAYTON
United States Attorney

8