UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

Plaintiff,

-against-

ABBA COHEN

Defendants,

-----------------------------------------------------------X

25-Cr. 444 (GBD)

**NOTICE OF MOTION**

PLEASE TAKE NOTICE, that upon the annexed affirmation of MITCHELL C. ELMAN, Esq., duly sworn to on the 5th day of October, 2026, the undersigned will move this Court before the Honorable George B. Daniels, United States District Judge, or as soon thereafter as counsel may be heard, at the Courthouse located at 500 Pearl Street, New York, NY 10038 pursuant to Rules 6, 7, 12 and 16 of the Federal Rules of Criminal Procedure, Rules 801 and 806 of the Federal Rules of Evidence, 18 U.S.C. §3504, and the inherent supervisory power of the Court for issuance of the following Orders.

1. Pursuant to Rule 7(f) Fed. R. Crim, P., directing the government to serve and file a Bill of Particulars as demanded in the annexed affidavit, this is because indictment fails to give defendant adequate notice of the charges against him impairing his ability to prepare a meaningful defense to the crimes charged.

2. Pursuant to Rule 16 of Fed. R. Crim. P., for full Discovery; to include grand jury transcripts.

3. Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, directing the government to procure all information which tends to exculpate the defendant.

4. An Order, pursuant to Rule 12 Fed. R. Crim. P. and 18 U.S.C. §3504 suppressing any identifications relating to ABBA COHEN or in the alternative, defendant requests holding of a hearing at which the issues raised by the manner in which the identification procedures were executed may be litigated;

5. Suppressing seized property due to the unlawful warrantless search on the ground that such evidence was obtained in the violation of the defendant's rights under the Fourth Amendment to the United States Constitution and relative case law. In the alternative, defendant requests holding of a hearing at which the issues raised by the manner in which the seizure was effectuated may be litigated;

6. Granting reasonable time for the defendant to make such additional motions as are predicated upon the government's response to these motions, the Court's decision as to the instant motions, and any further developments in this case.

7. Granting such additional relief as the Court deems just and proper, or as may become appropriate as a result of information disclosed pursuant to this motion.

8. No previous application for the relief sought herein has been made to any Court.

DATED: Great Neck, New York
October 5, 2026

YOURS, etc.,

**/s/ Mitchell C. Elman**

MITCHELL C. ELMAN (0714)
Law Offices of Mitchell C. Elman, P.C.
Attorney for Defendant
ABBA COHEN
233 East Shore Road, Suite 210
Great Neck, NY 11023
Tel. No.: (516) 586-6666
Fax.: (516)345-2517
Email: mitchell@elmanlawny.com

TO: Assistant United States Attorneys Getzel Berger/Kevin Grossinger
U.S. Department of Justice
United States Attorney's Office
Southern District of New York
October 5, 2026
New York, NY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA, 25-Cr.-444 (GBD)

Plaintiff,

**AFFIRMATION IN SUPPORT OF MOTION WITH MEMORANDUM**

-against-

ABBA COHEN

Defendants,

------------------------------------------------------X

MITCHELL C. ELMAN, Esq., an attorney duly licensed to practice in the State of New York and before the United States District Court for the Southern District of New York, affirms under the penalty of perjury as follows:

1. That I am the attorney for the defendant ABBA COHEN, hereinafter "COHEN" and or "defendant" and make this affirmation in support of my motion for omnibus pretrial relief and except when the context shows otherwise, is made upon information and belief.

2. That I am familiar with the facts and circumstances of this case, the sources of my information being conversations with COHEN, meeting with Assistant U.S. Attorney, my review of the indictment, complaint, and materials provided to date.

3. That COHEN is charged in Count 1 of Indictment ("Indictment") with Conspiracy to Commit Money Laundering, Money Laundering, Conspiracy to Commit Bank Fraud and Bank Fraud.

4. That insufficient information is provided in the indictment to support a conspiracy charge.

5. Upon review of the indictment, complaint and discovery material provided to date, there are substantive due processes as guaranteed him under the Fifth Amendment on the

grounds that there is insufficient evidence in the government's case and chief to support a conspiracy theory.

6. The following pretrial discovery relief is requested.

**BILL OF PARTICULARS**

7. As the Court well knows, Rule 7(f) of Federal Rules of Criminal Procedure permits the Court to direct the filing of a bill of particulars. As recognized by the Second Circuit, the bill of particulars has three functions: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes. *United States v. GAF Corp.*, 928 F.2d 1253 (2d Cir. 1991); *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988); *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987). The particulars requested are also necessary because the charges in the indictment are so general that they do not advise the defendant of the specific acts of which he is accused. *United States v. Torres*, 901 F.2d 205 (2d Cir. 1990).

8. Set forth all defendants or co-defendants not alleged in the indictment.

9. Set all and each overt act and for each means, by which the conspiracy was carried out, please state: a) The exact dates, places, and manner in which the event occurred; b) alleged conspirators and other persons present; c) conspirators and other persons alleged to have 1) become aware of, 2) agreed to, or 3) approved of the commission of the overt act; d) when, where, from or with whom, persons present and the manner in which each alleged conspirator or other person became aware of, agreed to or, approved of the commission of the overt act; and e) conspirators or other persons alleged to have participated in the event.

10. Set forth the names of all conspirators known to the government not named in the indictment. This request is intended to delineate all individuals the government will allege to have made co-conspirator statements.

11. Set forth the manner in which it is alleged each co-conspirator agreed to commit overt acts in the furtherance of the conspiracy.

12. Set forth dates, persons present, locations and manner in which a) each conspirator (including COHEN) is alleged to have joined the conspiracy and b) the conspirators who initially agreed to form the conspiracy.

13. Set forth the dates, persons present, locations and means by which any of the conspirators abandoned the conspiracy.

14. Set forth the substance of each conversation alleged to an overt act or within the scope or in furtherance of the conspiracy.

15. Set forth any goals of the conspiracy not alleged in the indictment.

16. Set forth the place and purposes of all meetings between conspirators alleged to be in furtherance of the conspiracy;

17. Set forth if any fingerprint or scientific tests were performed in connection with this charge or any other charge in the indictment.

18. State any financial or other gain received by the defendant or his alleged co-conspirators in furtherance of the conspiracy.

19. Set forth whether it is alleged that the defendant occupied the position of organizer, supervisor, or some other form of management position, or, in any event, provide a description of his actual role and activities.

## MOTION FOR IDENTITY OF INFORMANTS

20. Defendant COHEN hereby moves this Court, pursuant to the provisions of Rule 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution, for an Order requiring the government to disclose the following information:

(a) The identity of any and all informants possessing information which may be material to defendant's alleged guilt or innocence;

(b) The identity of any and all informants who were present at any of the events which are described in the instant indictment;

(c) Any and all government reports containing information received from any informant referenced above which may be material to the instant case.

**The Government is Obliged to Disclose the Identity and Whereabouts of Informants and to Make Them Available to the Defense.**

21. In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957), the United States Supreme Court held that whenever an informant's testimony may be relevant and helpful to the accused's defense, his or her identity must be revealed. The *Roviaro* Court set forth the following general standard for disclosure:

> Where the disclosure of an informant's identity or the contents of his communications is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must be waived. In these situations, the trial court may require disclosure and, if the government withholds the information, dismiss the action. *Roviaro v. United States, supra*, 353 U.S. at 60-61.

## JENCKS MATERIAL

22. COHEN respectfully requests disclosure of *Jencks* material pursuant to Title 18 U.S.C. 3500 at least 30 days in advance of trial so as to permit its meaningful use by the defense.

## MOTION FOR GRAND JURY TRANSCRIPTS

23. COHEN moves the Court, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(C)(i), for disclosure of transcripts of all testimony before and all exhibits considered by the grand jury that indicted COHEN. The Court should order production of the transcripts because the defendant has a particularized need for the transcripts, outlined below, which outweighs the grand jury policy of secrecy. *See, e.g.*, *Pittsburgh Plate Glass Company v. United States*, 360 U.S. 395, 400 (1959); *see also, e.g.*, *Dennis v. United States*, 384 U.S. 855, 868-75 (1966).

. Specifically, COHEN is the subject of a bare bones Indictment that does not state any particular acts or overt acts that he allegedly committed in the course of the conspiracy. COHEN has no information as to who the witnesses against him will be. The particularized need justifying disclosure is so that COHEN is informed of what evidence actually exists against him, and so he can intelligently make a decision as to his course of action. For these reasons, the grand jury transcripts and evidence should be disclosed to COHEN.

## DISCOVERY

24. Any relevant written or recorded statement made by the defendant or copies thereof, that have yet to be provided. Fed. R. Crim P. 16(a)(I)(A).

25. The identity of the persons present at the time any oral, written or recorded statement was made by the defendant, COHEN.

26. Any statement, confession or admission, or the substance of any oral settlement, relating directly or indirectly to the charges in this case, made by a previously charged co-conspirator to investigating officers or to third parties that has not been previously provided.

27. All documents which the government intends to use at trial as evidence in its case in chief. Fed. R. Crim. P. 16(a)(I)(C). This includes not only those items which will be marked and offered into evidence, but all of those documents that will be relied on or referred to in any way by any witness called by the government during its case in chief and to impeach any defendant or defense witness. We request that any documents in this category be specifically identified from among the documents that should be produced pursuant to defendant's Rule 16 requests, both to enable counsel to prepare effectively for trial and to afford defendants an opportunity to move to suppress any evidence the government intends to use in its case in chief. See, Fed. R. Crim 12(b)(3) and 12 (d)(2).

28. The substance of any oral statements made by the defendant or co-conspirators indicted or unindicted, whether before or after the arrest.

a) During a conversation with any person who was a government agent informer, or who is now a government witness; or

b) In response to interrogation by any person then known to the defendant to be a government agent. This request is designed to reach those statements by the defendant which may not have been preserved in any writing or recording. This request also seeks discovery of the time, place and circumstances of such statements.

29. Any and all recordings and transcripts thereof of conversations of the defendant or a co-conspirator(s), indicted or unindicted, concerning his personal history.

30. State whether the government intends to offer at trial any evidence of prior criminal conduct or prior bad acts as to the defendant or any co-conspirator, indicted or unindicted.

31. Provide a list of all property seized in this matter that the government intends to introduce as evidence during the trial.

32. All results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof that were conducted in connection with any investigation of the charges contained in the indictment, Fed. R. Crim. P. 16(a)(I)(D) including but not limited to:

a) All handwriting exemplars, handwriting exemplars, handwriting samples, opinions of handwriting experts, handwriting or document analysis, and all documents used in such analysis;

b) All voice exemplars, voice samples, opinions of voice analysis experts and all tapes used in such analysis.

33. State whether there are surveillance photographs or videotapes of the defendant or alleged conspirator (whether known or unknown). If so please provide copies thereof.

34. Wholly separate and apart from the above requests are the following demands made pursuant to Brady v. Maryland, and its progeny, including but not limited to:

a) Any and all information within the knowledge of the government, or which should be within its knowledge by the exercise of due diligence which may affect in any way the credibility of any and all of the government witnesses.

b) Any and all conversations, recorded or otherwise, wherein defendant's own statements are exculpatory in nature.

c) Whether any person to be called as a witness by the government is known, or with due diligence could be known, by the government to;

a) Have been charged with a crime;
b) Have been convicted of a crime;
c) Is or has been under psychiatric care or treatment;
d) Is or has been in drug or alcoholic abuse care or treatment;
e) The "rap" sheets of any government witness;
f) Any and all records and information revealing prior misconduct, criminal acts or bad acts of any witness the government intends to call at trial.
g) If the government is unwilling to make such inquiry of its witnesses (i.e. exercise due diligence), the defense demands that it be supplied with the names and addresses of such witnesses in sufficient advance of trial so that we may make our own investigation or inquiry by them.

35. The defendant requests that the Court direct the government to provide all confidential informants so that counsel may directly inquire whether they will submit to an interview.

36. Whether any of the law enforcement agents whom the government intends to call at trial have disciplinary records. If so, provide details.

37. Whether there are any deals, understandings, agreements and/or promises between the rosecution and any other individual as to the nature and extent of prosecution or sentence type or length.

38. Any and all considerations or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police or informers, to or on the behalf of any witness the government intends to call at trial, or any such consideration or promises expected or hoped for by any such witnesses at any future time. Such considerations refer to anything which arguably could be of value or use to a witness, including but not limited to all promises whether or formal or informal, direct or indirect, or leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative or other matter involving the state or federal government, any other authority, or other parties; civil, criminal, or tax immunity grants; relief from forfeiture; payments or money

rewards or fees, witness fees, and special witness fees; provisions of food, clothing, transportation, legal services or other benefits, placement in the "witness protection program", informer status of the witness, letters to anyone informing the recipient of the witness' cooperation, recommendations concerning federal aid or benefits and/or anything else which would inure to the benefit of the witness.

39. Any material not otherwise listed which reflects or evidences the motivation of the witness either to cooperate with the government or any bias or hostility against the defendant.

40. The existence and identification of each occasion on which a witness has testified before any Court, grand jury, or other tribunal or body, or otherwise officially narrated in relation to the defendant, the investigation or the facts of this case.

41. Any statements or documents, including but not limited to, grand jury testimony and federal, state and local tax returns made or executed by any potential prosecution witness at the trial in this action which the prosecution knows or through due diligence, should have reason to know is false.

42. Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence, or impeaching the credibility of prosecution witnesses, or challenging the authenticity and probative force of government exhibits.

In support of these requests, the defendant represents and alleges that:

1) The information is necessary to enable the defendant to determine which motions in limine, are necessary.

2) The information requested is necessary to prepare for trial and to preclude the trial from being one of ambush and surprise.

3) The information requested is necessary to prepare for meaningful cross-examination of any witness who may testify on behalf of the government.

43. Pursuant to Rules 612, 16 and 26.2 of the Federal Rules of Criminal Procedure, we request that we be provided with all statements, grand jury testimony or information (in whatever form) provided to the government or the grand jury.

44. Whether any evidence in the government's possession, custody or control was obtained through the use of a beeper or other tracking device, and a description of such evidence.

45. Whether any persons were present during grand jury proceedings other than grand jurors, witnesses, court reporters and the Assistant United States Attorneys.

46. Whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury, were disclosed or released to any person other than the grand jurors, witnesses, court reporters and Assistant United States Attorney.

47. The identity of persons to whom such information or documents were disclosed, the date of any such disclosure and any court order authorizing such disclosure.

48. Whether the government will seek to offer any chart, summary or calculation, as well as all writings, recordings, photographs or other information on which such charts, summaries or calculations are based and that they are made available for inspection and copying.

49. Pursuant to the provisions of Rule 104 of the Federal Rules of Evidence, and the defendant's right to receive effective representation by counsel and a fair trial, we request that the government disclose whether it intends to offer in its case in chief as a statement by defendants any of the following:

(a) Any statement as to which any defendant manifests his adoption or belief in its truth, Fed. R. Evid. 801 (d)(2)(B).

(b) Any statements made by another which were purportedly authorized by the defendant, or is deemed to be an admission of the defendant, Fed. R. Evid. 801 (d)(2)(A)

and 801 (d)(2)(C).

(c) Any statement by an agent or servant of the defendant concerning a matter within the scope of his/her agency or employment made during the existence of such a relationship, Fed. R. Evid. 801 (d)(2)(D).

(d) Any statement by a co-conspirator, made during the Course of and in furtherance of the conspiracy alleged In the indictment, Fed. R. Evid. 801(d)(2)(E).

50. Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16 (a)(1)(C) of the Federal Rules of Criminal Procedure and Rules 403 and 404(b) of the Federal Rules of Evidence, we request that the government disclose all evidence of other or similar crimes, wrongs or acts allegedly committed by the defendant upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

51. We request that the government be directed to disclose the empanelment and adjournment dates of each grand jury that heard evidence concerning this case, the instructions provided to the grand jury before the indictment was returned and the voting record and record (i.e., transcript) of return in open court of the indictment.

52. We request that the government be directed to provide a list of the names and addresses of all witnesses that the government intends to call in its case in chief.

53. We request that the government be directed to disclose at this time all statements or reports in its possession made by the government witnesses or prospective witnesses or prospective government witnesses, pursuant to U.S.C. §3500 (Jencks Act) and Rule 26.2 of the Federal Rules of Criminal Procedure.

54. We request that the government be directed to disclose the names and addresses of, as well as the statements and testimony of all persons whom the government does not intend to call

as witnesses at trial who were interviewed by the government or who testified before the grand jury with respect to any of the charges in the indictment.

55. We request that the government be directed to provide us with a copy of every press release issued by the United States Attorney's Office, the Department of Justice or any other agency, department or division of the government (by cross-designation or otherwise), which concerns or relates to the defendant herein. We also request a transcript of (or an opportunity to view any videotape of or to hear any tape recording of) the press conference or conferences by any member of the entities listed above which concerns or relates to the defendant herein.

56. We request that you direct all agents who were involved in this investigation, to preserve their original notes made during the course of the investigation.

57. We request you provide information as to the types of recordings equipment utilized in any facet of this investigation.

**SUPPRESSION OF INDENTIFICATIONS**

58. Upon information and belief, the Government intends to introduce identification testimony regarding COHEN at trial. We believe that an informant was asked to identify COHEN and purportedly did so claiming he was a member of the conspiracy.

59. COHEN may also have been identified through the use of a single photography, in which case an issue arises as to the suggestibility of this procedure, as well as the aforementioned "show-up" and the reliability of the identification.

60. The defendant, therefore, requests that the proposed in-court identification of COHEN be suppressed due to the fact that the defendant may have been displayed to the witness in a one-person "show-up" and/or through a single photo of COHEN which are both unnecessarily suggestive procedures.

61. Due to the paucity of facts currently within the knowledge of the defense, the defendant cannot allege any further improprieties in the identification procedure and/or acts of the Government or law enforcement personnel that would make the identification procedures unnecessarily suggestive or otherwise inadmissible.

62. Therefore, the defendant respectfully requests that a hearing to be held to determine the details of the identification procedures used in this matter and whether they were constitutional under Rule 12, 18 U.S.C. §3504 and the relative case law.

**AUDIBILITY HEARING**

63. The government may intend to use recordings of telephone conversations or any other recordings and transcripts of conversations of the defendant or co-conspirator(s), indicted or unindicted.

64. Therefore, the defendant respectfully requests that a hearing or hearings be held to determine the details of the procedures used in this matter and whether they were constitutional under the relative case law.

**THE SUPPRESSION OF SEIZED PROPERTY**

65. The Government also seeks to introduce items of physical evidence which were seized pursuant to arrest.

66. It appears that COHEN was committing no crime in the presence of any law enforcement agents at the time of his arrest.

67. No information was provided to corroborate this assertion of reliability. The type of information, the time frame, the nature of the arrests and whether they resulted in convictions, and the scope and particulars of the seizures were <u>not</u> provided in the complaint.

**WHEREFORE**, deponent respectfully prays that an Order be issued granting to the defendant ABBA COHEN, the relief sought within the instant motion, or in the alternative, that the Court schedule a hearing and/or hearings in order to appraise any contested issue of fact or law, together with such other and further relief as this Court may deem just and proper under the circumstances of this case.

Dated: Great Neck, NY
October 5, 2026

**/s/ Mitchell C. Elman**

MITCHELL C. ELMAN (0714)
Attorney for Defendant
Law Offices of Mitchell C. Elman, P.C.
ABBA COHEN
233 East Shore Road, Suite 210
Great Neck, NY 11023
Tel. No.: (516) 586-6666
Fax.: (516)345-2517
Email: mitchell@elmanlawny.com

TO: CLERK OF THE COURT United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

HON. GEORGE B. DANIELS
United States District Court Judge
500 Pearl Street
New York, New York 11201

Office of the United States Attorney
Getzel Berger/Kevin Grossinger